IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 2 8 2012

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.   12-4117 |
| MMR CONSTRUCTORS, INC., | ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Charging Party Todd Mosely, and class members Carlos Boyd and Winston Stephens who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8-15 below, the Commission alleges that Defendant MMR Constructors, Inc., subjected Mr. Mosely, Mr. Boyd and Mr. Winston to a hostile work environment that included constant unwelcome racial harassment in the form of racist language and graffiti and death threats. In addition, Defendant constructively discharged Todd Mosely.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Arkansas Texarkana Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, MMR Constructors, Inc. (the "Employer"), has continuously been a Louisiana corporation doing business in the State of Arkansas and the City of Foreman, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Todd Mosely filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2009, Defendant Employer has engaged in unlawful employment practices at its Foreman, Arkansas worksite, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. The unlawful employment practices involved subjecting Todd Mosely to a hostile

work environment because of his race, Black.

a) Defendant Employer hired Mosely on October 20, 2008.

b) In August 2009, Defendant Employer assigned Mosely to work as a Start-Up Technician at the Ash Grove Cement Plant worksite in Foreman, Arkansas. His employment ended on or about January 29, 2010.

c) Throughout his assignment at the Ash Grove Cement Plant, Mosely was subjected to offensive, unwelcome racist graffiti in the portable toilets. Examples include, "Go back to Africa" and "What do you need on a mud flap on a Ford pickup? Two niggers."

d) Mosely complained about the unwelcome racist graffiti in the portable toilets.

e) When the unwelcome racist graffiti would be removed, it would immediately reappear.

f) John Colvin and Tommy Gilliard, two of Defendant's white male employees, made offensive, unwelcome racist remarks comparing the sexual anatomy of white and black males and their relationship to black women.

g) On January 14, 2010, John Colvin and Brian Merrell, two of Defendant's white male employees, appeared at Mosely's home in the middle of the night and threatened to kill him if he filed any more racial harassment complaints, said anything about or to Tommy Gilliard, or complained about the racial graffiti in the portable toilets.

h) On January 15, 2010, Mosely complained to Defendant about the previous night's incident but Defendant told Mosely that it could not terminate Colvin and Merrell because the incident occurred away from the worksite.

3

i)    Defendant failed to take proper remedial action to protect Mosely from racial harassment.

j)    Mosely was forced to resign because he feared for his life and Defendant refused to take proper remedial action.

k)    The unwelcome racial harassment was sufficiently severe or pervasive to alter the terms and conditions of Mosely's employment and to create an abusive working environment.

9. The effect of the practices complained of in paragraph 8 a-k above has been to deprive Todd Mosely of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

10. Since at least August 2009, Defendant Employer has engaged in unlawful employment practices at its Foreman, Arkansas worksite, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

11. The unlawful employment practices involved subjecting Carlos Boyd to a hostile work environment because of his race, Black.

a)    Defendant Employer hired Boyd in 2004.

b)    In September 2009, Defendant Employer assigned Boyd to work as a Journeyman Instrument Fitter at the Ash Grove Cement Plant job site in Foreman, Arkansas. His assignment ended in January 2010.

c)    Boyd was subjected to unwelcome racist graffiti in the portable toilets throughout his assignment at the Ash Grove Cement Plant worksite in Foreman, Arkansas.

d)    When the offensive racist graffiti would be removed, it would immediately reappear.

4

e) Defendant failed to take proper remedial action to protect Boyd from racial harassment.

f) The unwelcome racial harassment was sufficiently severe or pervasive to alter the terms and conditions of Boyd's employment and to create an abusive working environment.

12. The effect of the practices complained of in paragraph 11 a-f above has been to deprive Carlos Boyd of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

13. Since at least August 2009, Defendant Employer has engaged in unlawful employment practices at its Foreman, Arkansas worksite, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

14. The unlawful employment practices involved subjecting Winston Stephens to a hostile work environment because of his race, Black.

a) Defendant Employer hired Stephens in August 2009 and assigned him to work as a Lead Man at the Ash Grove Cement Plant job site in Foreman, Arkansas. His assignment ended in 2010.

b) Stephens was subjected to offensive, unwelcome racist graffiti in the portable toilets throughout his assignment at the Ash Grove Cement Plant worksite in Foreman, Arkansas. Some examples include use of the word "nigger" and "Mexicans go home."

c) Stephen complained to Defendant about the unwelcome racist graffiti.

d) When the unwelcome racist graffiti would be removed, it would immediately reappear.

5

e) Defendant failed to take proper remedial action to protect Stephens from racial harassment.

f) The unwelcome racial harassment was sufficiently severe or pervasive to alter the terms and conditions of Stephen's employment and to create an abusive working environment.

15. The effect of the practices complained of in paragraph 14 a-f above has been to deprive Winston Stephens of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

16. The unlawful employment practices complained of in paragraphs 8-15 above were intentional.

17. The unlawful employment practices complained of in paragraphs 8-15 above were done with malice or with reckless indifference to the federally protected rights of Todd Mosely, Carlos Boyd, and Winston Stephens.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that create a hostile work environment.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Todd Mosely, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

6

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring, promotion, and reinstatement of Todd Mosely, Carlos Boyd, and Winston Stephens.

D.     Order Defendant Employer to make whole Todd Mosely, Carlos Boyd, and Winston Stephens, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-15 above, including job search expenses, and medical expenses in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Todd Mosely, Carlos Boyd, and Winston Stephens by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-15 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay Todd Mosely, Carlos Boyd, and Winston Stephens punitive damages for its malicious and reckless conduct described in paragraphs 8-15 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

7

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

**JOSEPH M. CROUT**
Supervisory Trial Attorney
TN Bar No. 012957
joseph.crout@eeoc.gov

**MARKEISHA K. SAVAGE**
Trial Attorney
AR Bar No. 2011288
markeisha.savage@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Tel: (901) 544-0133

**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085
pamela.dixon@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana, Suite 200
Little Rock, AR 72201
Tel: (501) 324-5065