IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>MMR CONSTRUCTORS, INC. )<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>12-4117 |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (Commission) instituted this action against Defendant MMR Constructors, Inc. (Defendant) pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") seeking relief on behalf of Todd Mosley, Carlo Boyd, and Winston Stephens. In its Complaint, the Commission alleges Defendant subjected Messrs. Mosley, Boyd, and Stephens to a hostile work environment because of their race, African American. The Commission also alleges Defendant constructively discharged Mr. Mosley.

Defendant denies that it discriminated against Messrs. Mosley, Boyd, or Stephens in violation of Title VII.

This Consent Decree (Decree) does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the

Complaint. The Commission and Defendant have consented to entry of this Decree to avoid the additional burden, delay, expense, and uncertainty that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree. In the event this Decree is not approved or does not become final, it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations and the representations of counsel for the parties, and hereby approves this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

### I. JURISDICTION

1. The United States District Court for the Western District of Arkansas, Texarkana Division, has jurisdiction over the parties and subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2. No party shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF AGREEMENT

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in *Equal Employment Opportunity Commission v. MMR Constructors, Inc.*, Civil Action No. 12-4117, United States District Court, Western District of Arkansas, Texarkana Division, alleging unlawful employment practices by Defendant based on Charge No. 846-2010-22963 filed by Todd Mosley. This Decree shall not be considered in any manner to be dispositive of any charge which is or may be pending before any office of the Commission other than Charge No. 846-2010-22963.

4. The provisions of this Decree become effective immediately upon the date that the Court enters the Decree, and the Decree shall bind the parties to this lawsuit for 18 months after the effective date of this Decree.

## III. INJUNCTIVE RELIEF

5. Defendant, including its officers, agents, and management employees (including supervisory employees), are enjoined from discriminating against any employee on the basis of race.

6. Defendant will investigate all allegations of racial harassment in accordance with its complaint procedure by any employee of Defendant regardless of whether the alleged racial harassment occurs on site or off-site, as long as Defendant, in good faith, considers the alleged off-site racial harassment to be work related at the time of its receipt of the report.

7. Defendant, including its officers, agents, and management (including supervisory employees), are enjoined from retaliating against any employee who

reports allegations of race discrimination or race harassment.

## IV. TRAINING

8. Within 120 days from the entry of the Decree, Defendant will provide training regarding race discrimination and the proper handling of complaints of race discrimination to all of its management (including supervisory) employees at its Baton Rouge, Louisiana and Arkansas locations.

    a. The training must include the proper handling and investigation for complaints of race discrimination.

    b. Defendant shall conduct the primary training session at its headquarters in Baton Rouge, Louisiana, and Defendant may record this training via video. Defendant may conduct the remaining training sessions by video conference, provided Defendant requires a human resources representative or Defendant's in-house or outside counsel to participate via conference call following the training to answer any questions.

9. Defendant shall utilize the Commission's EEOC Compliance Manual, Section 15: Race and Color Discrimination, as a model for the training.

10. Defendant shall also provide training on retaliation.

11. The training session must consist of a minimum of two hours in length.

12. Defendant shall distribute/redistribute to all non management employees a copy of its policy regarding its complaint procedure for employees to utilize if the employee believes he/she is being harassed/discriminated against because of his/her race.

13. Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience

4

in labor and employment law to provide the training required by Paragraphs 8-12 above.

14. Defendant shall provide to the EEOC a roster of all management and supervisory attendees and a copy of the training materials. Defendant will forward this information to Pamela Dixon, EEOC Trial Attorney, at the address listed on the signature page of this Decree.

## V. POLICY PROHIBITING DISCRIMINATION BASED ON RACE

15. Within ten days after the race discrimination training, Defendant will require each manager and supervisor at its Baton Rouge, Louisiana and Arkansas locations to read and sign a copy of Defendant's policy prohibiting race discrimination and Defendant will give each manager and supervisor a copy of the policy.

16. When signing the policy referenced in Paragraph 15, each manager and supervisor will also:

   a. sign a statement affirming that he/she received the training;

   b. indicate he/she understands it is illegal to discriminate on the basis of race; and

   c. indicate he/she understands that failure to follow company policy may subject the company to liability and result in his/her discharge.

## VI. REPORTING

17. Defendant will provide two reports to the Commission. The first report shall include all of the requirements discussed in Paragraphs 8-16. The second report will describe all reports of race discrimination and race harassment since the date that the Decree is entered by the Court at any location in Baton Rouge, Louisiana or Arkansas, describe the investigation conducted by Defendant in response to each

complaint, and indicate how Defendant resolved the reported complaint.

18. Each report will also include a certification by Defendant that the notice required to be posted pursuant to Section VII of this Decree has remained posted during the time period specified in Paragraph one (1) of the Notice. Defendant will forward each report to Pamela Dixon, EEOC Trial Attorney, at the address listed on the signature page of the Decree.

19. Defendant will submit the first report within 12 months of entry of the Decree.

20. Defendant will submit the second report within 17 months of entry of the Decree.

## VII. POSTING AND POLICIES

21. Within 30 days of the Effective Date, Defendant shall post and cause to remain posted for a period of 18 months at its Baton Rouge, Louisiana and Arkansas locations the notice attached hereto as Exhibit A. The notice shall be in the same typeface and size as Exhibit A and shall be on company letterhead.

22. Defendant must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000-10.

## VIII. RELIEF

23. Defendant will pay a total of $50,000 to Todd Mosley in full and final settlement of the claims of Todd Mosley under the Commission's Complaint.

24. Of this settlement $4,900 is designated as back pay.

25. Of this settlement $45,100 is designated as interest and non-pecuniary compensatory damages.

26. Defendant will issue an IRS Form W-2 to Todd Mosley for the amount of

monetary relief designated as back pay. Defendant shall withhold lawful employment payroll deductions for social security and withholding taxes from the back pay amounts. Defendant shall itemize these deductions.

27. Defendant is responsible for all State and Federal employer withholding, including without limitation the employer's share of payments for FUTA and FICA, and such payments shall not be deducted from the settlement payments.

28. Defendant will issue an IRS Form 1099 to Todd Mosley for the amounts designated as interest and non-pecuniary compensatory damages and shall designate that the amount was issued as damages and interest.

29. Within ten days of the entry of this Decree by the Court, and upon Mr. Mosley's execution of the Release attached hereto as Exhibit B, Defendant shall deliver the check(s), via certified mail or hand delivery to Mr. Mosley at the address provided by the Commission. Concurrently, Defendant shall mail a copy of the check(s) and related correspondence to Pamela Dixon, EEOC Trial Attorney, at the address listed on the signature page of the Decree.

30. To the extent permitted by law, late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

### IX. EXPUNGEMENT

31. The Defendant shall expunge from the personnel files of Todd Mosley any reference to the charge of discrimination and this litigation.

### X. NEUTRAL REFERENCE

32. Defendant agrees to give a neutral reference to any potential employers who request a job reference for Mr. Mosley. Any such neutral reference shall be

identical to the form demonstrated in Exhibit C. Defendant shall not mention the EEOC charge of discrimination or this action as part of the neutral reference.

## XI. NOTIFICATION OF SUCCESSORS

33. During the period in which this Decree is effective, Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a substantial portion of Defendant's assets, and to any other potential successor prior written notice of the existence of the Commission's Complaint, this Decree, and the contents and obligations of the settlement.

## XII. ENFORCEMENT

34. If Defendant fails to comply with the terms of this Decree, the Commission has a right during the term of this Decree to enforce the obligations under the Decree. The Commission will provide at least 30 days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XIII. MISCELLANEOUS

35. Each party shall bear that party's own costs, attorneys' fees, and expenses.

36. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

37. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, Defendant will mail the reports to Pamela Dixon, EEOC Trial Attorney, at the address listed on the signature

page of the Decree.

IT IS SO ORDERED THIS 24th DAY OF January, 2014.

Susan O. Hickey
SUSAN O. HICKEY
UNITED STATES DISTRICT JUDGE

9

APPROVED BY THE PARTIES:

FOR THE COMMISSION:

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

/s/Faye A. Williams
Faye A. Williams
Regional Attorney
TN Bar No. 011730


/s/Joseph M. Crout
Joseph M. Crout
Supervisory Trial Attorney
TN Bar No. 012857


/s/Markeisha K. Savage
Markeisha K. Savage
Trial Attorney
AR Bar No. 2011288

Equal Employment Opportunity Comm.
1407 Union Avenue, Suite 901
Memphis, TN 38104
Tel. (901) 544-0133
Fax (901) 544-0111
markeisha.savage@eeoc.gov


/s/Pamela B. Dixon
Pamela B. Dixon
Senior Trial Attorney
AR Bar No. 95085

Equal Employment Opportunity Comm.
820 Louisiana, Ste. 200
Little Rock, AR 72201
Tel. (501) 324-5065
Fax (501) 324-5991
Pamela.dixon@eeoc.gov

FOR DEFENDANT:


/s/Scott D. Huffstetler
Scott D. Huffstetler
LA Bar No. 28615
Scott.Huffstetler@keanmiller.com

KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Post Office Box 3513
Baton Rouge, Louisiana 70802
Tel. (225) 387-0999
Fax (225) 388-9133

10

## NOTICE

1. This Notice to all employees of MMR Constructors, Inc. (MMR) is posted as part of an agreement between MMR and the Equal Employment Opportunity Commission (Commission) to post this notice for 18 months as part of the settlement of a race discrimination lawsuit the Commission brought against MMR.

2. MMR's entrance into this agreement with the Commission does not constitute an admission by MMR of the allegations made by the Commission.

3. As part of the agreement, MMR has agreed to train its supervisors and managers on the prevention of race discrimination/race harassment.

4. Title VII of the Civil Rights Act of 1964, as amended, a federal law, provides that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual because of such individual's race or color.

5. MMR is committed to complying with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the EEOC, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

6. If you believe that you have been discriminated against because of your race, or due to retaliation, you may contact the EEOC at the following national toll free number: 1-800-669-4000. If you have a TTY device for hearing impaired: TTY Number is 1-800-669-6820. You may also contact the EEOC's Memphis District Office at the following number: 1-501-324-5014 (TTY)

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This notice must remain posted for 18 months from the date below, and must not be altered, defaced, or covered by any material.

_____
MMR Constructors, Inc.


_____
Title

EXHIBIT A

## RELEASE

In consideration for $50,000 paid to me by MMR Constructors, Inc., in connection with the resolution of *EEOC v. MMR Constructors, Inc.*, Civil Action No. 4:12-cv-04117-SOH (Lawsuit), I waive my right to recover for any claims arising under Title VII that I had against MMR Constructors, Inc., prior to the date of this release and that were included in *EEOC v. MMR Constructors, Inc.*, Civil Action No. 1:12-cv-01117-SOH.

21 JAN. 2014
DATE

TODD MOSLEY
Print Name

*[signature]*
Signature

EXHIBIT B

Date


To Whom It May Concern:


This letter is in response to your inquiry regarding the employment of Todd Mosley while employed at MMR Constructors, Inc.

Mr. Mosley worked at MMR as a _____ from _____ through _____. . Company policy does not permit us to give out any more information concerning Mr. Mosley's employment.


Very truly yours,



MMR Constructors, Inc.


EXHIBIT C